## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA in | ) |
| | ) |
| **UNITED STATES** | ) |
| | ) |
| v. | ) **Misc. Case No. 07-mc-44 (JR)** |
| | ) **(Super. Ct. Case No. F-5535-04)** |
| **GONZALES DIGGS** | ) |
| | ) |
| | ) |
| _____ | ) |

### MOTION TO QUASH SUBPOENAS

The United States Attorney, through the undersigned attorneys, and on behalf of the

Court Services and Offender Supervision Agency ("CSOSA" or "Agency"), hereby moves to

quash the subpoenas issued in this matter.

The Court is respectfully referred to the accompanying memorandum in support of this

motion.  A proposed order is also attached.


Dated: February 6, 2007            Respectfully submitted,

                                   _/s/_____
                                   JEFFREY A. TAYLOR, D.C. Bar # 498610
                                   United States Attorney


                                   _/s/_____
                                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                   Assistant United States Attorney


                                   _/s/_____
                                   MEGAN L. ROSE, N.C. Bar # 28639
                                   Assistant United States Attorney
                                   Judiciary Center Building
                                   555 4th St., N.W., Room E-4220
                                   Washington, D.C.  20530
                                   (202) 514-7220
                                   **UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA in | ) |
| | ) |
| UNITED STATES | ) |
| | ) |
| v. | ) Misc. Civil Action No. 07-mc-44 |
| | ) (Super. Ct. Case No. F-5535-04) |
| GONZALES DIGGS | ) |
| | ) |
| | ) |
| _____ | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO QUASH

On January 25, 2007, the Court Services and Offender Supervision Agency("CSOSA")

was served with two subpoenas, apparently requesting the testimony of "Nicole Salvano"[1] and

"Keith Walker,"[2] in a proceeding before the Superior Court of the District of Columbia.  See

Exhibits 1 and 2.  The subpoena matter was removed to this Court, consistent with 28 U.S.C.

§§ 1442(a)(1), 1446, Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415

(D.C. Cir. 1995), and Houston Business Journal, Inc. v. Office of the Comptroller of the

Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996).  See Docket No. 1.[3]

Applicable law and CSOSA regulations preclude testimony about or production of the

_____

[1]  The CSOSA employee previously known as Nicole Salvano is now Nicole Kuhlman.

[2]  CSOSA does not currently employ anyone by that name.

[3]  As indicated in the Notice of Removal, the undersigned has attempted to resolve this matter without the need for litigation, but has been unable to do so.  See, e.g., Document No. 1; Exhibit 4 (Letter from CSOSA to Ms. Shaner and attached CSOSA regulations).  The subpoenas do not reveal the information sought by Ms. Shaner, the attorney who issued the subpoenas.  See Exhibits 1 and 2.  Although the undersigned has attempted to contact Ms. Shaner to discuss the matter and explore ways in which information might be properly provided to her, it does not appear that Ms. Shaner is interested in actively pursuing other mechanisms available to her.

information requested by the subpoenas to the extent it may exist, and jurisdiction is lacking to

enforce a subpoena for information from the federal government.[4]  Thus, for the reasons more

fully explained below, the subpoenas should be quashed.

The Court of Appeals has made clear that neither the District of Columbia Superior Court

nor this Court has jurisdiction to enforce a Superior Court subpoena when the party seeking

enforcement has failed to comply with an agency's <u>Touhy</u>[5] regulations.  "In state court the

federal government is shielded by sovereign immunity, which prevents the state court from

enforcing a subpoena."  <u>Houston Business Journal v. OCC</u>, 86 F.3d 1208, 1211 (D.C. Cir. 1996).

And, "because a federal court's jurisdiction upon removal is derivative of the state court's, the

federal court in a removed action is also barred from enforcing a subpoena against the federal

government."  <u>Id</u>. at 1212.

In <u>Houston Business Journal</u>, the Court stated that "neither state-court nor federal-court

litigants may obtain a subpoena *ad testificandum* against an employee of a federal agency that

has enacted a <u>Touhy</u> regulation."  <u>Id</u>. at 1212 n.4 (citations omitted).  Indeed, when an agency

has enacted valid <u>Touhy</u> regulations, a litigant may not obtain a subpoena *ad testificandum*

against an employee of a federal agency, but rather "the litigant must proceed under the APA

[Administrative Procedure Act] and the federal court will review the agency's decision not to

---

[4]  In addition to the substantial federal defenses of sovereign immunity and the
Supremacy Clause, other federal defenses applicable to CSOSA's records may arise from
confidentiality requirements imposed by federal law, including, among other things, the Privacy
Act, 5 U.S.C. § 552a, and other disclosure statutes, <u>see</u>, <u>e.g.</u>, 42 U.S.C. § 290dd-2, and
implementing regulations, 42 C.F.R. Part 2 (confidentiality requirements applicable to substance
abuse treatment records).

[5]  <u>See</u> <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

permit its employee to testify under an 'arbitrary and capricious' standard." 86 F.3d at 1212 n. 4

(citing Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991); Davis Enters. v.

EPA, 877 F.2d 1181, 1186 (3d Cir. 1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1113, 107

L.Ed.2d 1020 (1990)); see also Ho v. United States, 374 F.Supp.2d 82, 83 (D.D.C. 2005).

   In this case, CSOSA has validly enacted Touhy regulations, 28 C.F.R. §§ 802.24, et. seq.,

and those regulations prohibit CSOSA employees from providing the testimony and information

sought, see 28 C.F.R. 802.27(a).  No one has secured authorization under those regulations for

the release of the information sought in the subpoenas. Id. Therefore, sovereign immunity

precludes the Superior Court from entering an order compelling production.  Moreover, a

District Court upon removal similarly lacks subject matter jurisdiction to enforce the subpoenas

at issue.  See Houston Business Journal v. OCC, 86 F.3d at 1212; Longtin v. United States

Department of Justice, No. 06-1302 (D.D.C. Aug. 3, 2006), aff'd, Order in No. 06-5223 (D.C.

Cir. Aug. 9, 2006), attached as Exhibit 3.  The failure to comply with the regulations

promulgated by CSOSA, 28 C.F.R. § 802.24, et seq., requires this Court to quash the subpoenas

seeking information from CSOSA.  See 28 C.F.R. 802.13; Houston Business Journal, 86 F.3d at

1211-12; Ho v. United States, 374 F. Supp.2d at 83.

   WHEREFORE, CSOSA respectfully requests that the Court order the subpoenas issued

to CSOSA be quashed.


Dated: February 6, 2007            Respectfully submitted,


                        _/s/_____
                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                        United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Room E-4220
Washington, D.C.  20530
(202) 514-7220

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of February, 2007, I caused service of the Motion To Quash Subpoenas to be made on defendant, through counsel, by facsimile transmission and first-class mail, addressed to:

Heather Shaner, Esq.
1702 S Street, NW
Washington, D.C. 20009
Fax: (202) 332-8057
Atty. for Defendant

_____
MEGAN L. ROSE
Assistant United States Attorney

5

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
### SUBPOENA

In Forma Pauperus

UNITED STATES
DISTRICT OF COLUMBIA

vs.                                              Case No. F-5535-04

Gonzales Diggs

To: Nicole Salvano    CSOSA - Community Supervision
300 Indiana Ave NW Rm 2010 Washington DC

**YOU ARE HEREBY COMMANDED:**

To appear before the Criminal Division room/courtroom  316  Judge Satterfeild  of the Superior Court of the District of
Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. on the  30  day of
January , 200 7 , at 9:00  a.m./p.m. as a witness for
The Defense

☑ and bring with you    Photo ID

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this
_____ day of _____, 20 _____

Officer in Charge _____ T C District          Clerk, Superior Court
                                                  of the District of Columbia
Heather Shanner
Attorney for Government/Defendant

Phone No. (202) 265-8210

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for
issuance of subpoena for medical records.

_____     _____
            Date                         Judge

## RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the
individual at the address below.

| Name and Title of Individual Served | Address: (If different than shown above) |
|---|---|
| Atns General Cansel | |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc.,
named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service  1/25/07   2 Pm |
|---|---|
| **REMARKS** Served on General Counsel for CSOSA | Signature of Title of Server  T. Crossley |

CD-107/Rev. 00                                        *U.S. GPO: 2000-520-516/94582

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
### SUBPOENA

*11-1-2 2006*

*In Forma Pauperis*

UNITED STATES
DISTRICT OF COLUMBIA

vs.

Case No. *F-5535-04*

*Gonzales Diggs*

To: *Keith Walker CSOSA - Community Supervision*
*300 Indiana Ave NW. WDC*

**YOU ARE HEREBY COMMANDED:**

To appear before the Criminal Division room/courtroom *216* *Judge Satterfield* of the Superior Court of the District of Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. on the *30* day of *January*, 200 *7*, at *9.00* a.m./p.m. as a witness for

*The Defense*

☒ and bring with you *Photo ID.*

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____, 20 ___

Officer in Charge _____  District ___

*Heather Shanker* *T.C*

Attorney for Government/Defendant

Clerk, Superior Court of the District of Columbia

Phone No. *( 202 ) 265 - 8210*

---

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

Date _____  Judge _____

---

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:**

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

Name and Title of Individual Served _____  Address (If different than shown above) _____

☐ I hereby certify that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

Date(s) of Endeavor _____  Date and Time of Service *1/25/07*

REMARKS *Subpoena Served On General Counsel.*  Signature of Title of Server *T. Crosten*

CD-107Z/Jan. 00                                              *U.S. GPO: 2000-520-518/94582*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



KEITH LONGTIN,

        **Plaintiff,**

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.,*

        **Defendants.**

Civil Action No. 06-1302 (JMF)

## MEMORANDUM ORDER

This matter was referred to me, upon consent of the parties, for all purposes including trial. The case originates in the United States Attorney's decision to deny, relying on the Privacy Act, 5 U.S.C. § 552a,[1] plaintiff Keith Longtin's request for the production of certain documents and the right to depose an Assistant United States Attorney where there was an order issued by the Superior Court of the District of Columbia permitting the sought-after deposition.

As a result of the denial of his request, plaintiff has filed a complaint under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, as well as a motion for a temporary restraining order. While styled as a motion for a temporary restraining order or a preliminary injunction, plaintiff's motion actually seeks a permanent injunction that would command the United States to require the Assistant United States Attorney to testify at a trial in the Circuit

---

[1] All references to the United States Code and the Code of Federal Regulations are to the electronic versions that appear in Westlaw and Lexis.

Court for Prince George's County, Maryland, currently scheduled to begin on August 14, 2006. See Plaintiff's Motion for Temporary Restraining Order ("Pls. Mot.") at 3.

I held a hearing on plaintiff's motion on July 31, 2006, at which the parties agreed that I should consolidate the trial on the merits of this civil action with the hearing on the preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and deem the matter ripe for adjudication by summary judgment. At the hearing, the parties agreed that the following facts are not in dispute:

1.  Elisabeth Poteat ("Poteat") is an Assistant United States Attorney in the District of Columbia.

2.  Keith Longtin ("Longtin") was arrested in Prince George's County, Maryland and charged with the rape and murder of his wife, Donna Zinetti.

3.  A DNA analysis of semen recovered from Zinetti's corpse was the semen of a man named Antonio Oesby ("Oesby"). Prince George's County law enforcement authorities were aware of this information no later than January 11, 2000.

4.  Poteat was involved in the prosecution of Oesby for other crimes in the District of Columbia.

5.  Upon the application of Longtin's counsel in a civil action brought by Longtin against Prince George's County and other defendants in Maryland, a Maryland court ordered that the deposition of Poteat be taken. The Superior Court of the District of Columbia, relying on that order, issued an order directing that Poteat be deposed.

6.  The United States Attorney's Office denied Longtin's counsel's request for Poteat's testimony and certain files by letters dated July 18 and July 21, 2006.

2

7.    The trial in Longtin's civil action in Maryland is scheduled to begin on August

14, 2006.

## ANALYSIS

The Department of Justice has adopted so called "Touhy"[2] regulations that set forth (1)

the requirements that a litigant must follow to request records from or the deposition of a person

employed by the Department of Justice when the Department of Justice is not a party to that

litigation, and (2) the standards by which the representative of the Department of Justice is to

determine whether to permit access to the sought-after records or deposition. See 28 C.F.R. §

16.26. If a federal agency has adopted so-called Touhy regulations, the court's power is limited

to a review of the determination made pursuant to that regulation to ascertain whether the

determination was arbitrary, capricious, and unreasonable. Houston Bus. Journal, Inc. v. Office

of the Comptroller of the Currency, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

Plaintiff concedes as much, but focuses on the provisions of the Privacy Act that indicate

that a disclosure made pursuant to an order of a court of competent jurisdiction is exempted from

the requirements and prohibitions of the Privacy Act. See 5 U.S.C. § 522a(b)(11). He then

reasons that, because the Superior Court issued an order for Poteat to be deposed, Poteat must be

permitted to be so deposed and to produce the sought-after documents.[3] To prevail on this

---

[2] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).
[3] Plaintiff previously served a subpoena *duces tecum* on the United States Attorney's
Office, which the government, in separate miscellaneous actions before this Court, has
moved to quash. See Miscellaneous Case Nos. 06-164 and 06-165. In that subpoena,
plaintiff sought the United States Attorney's entire file relating to the Oesby case and to
depose Poteat. As indicated in his briefing on the present motion for a restraining order
and at the hearing on that motion, plaintiff has now narrowed his request to include only
testimony regarding Poteat's alleged conversation with a Prince George's County official
about the prosecution of Oesby and its relation to the arrest and detention of plaintiff and
any notes that Poteat may have taken during that conversation.

argument, plaintiff would have to show either (1) that the Privacy Act, by the force of the exemption itself, compelled Poteat to testify or (2) that, in concluding that the exemption did not require Poteat to testify, the Department of Justice misread the law and was therefore arbitrary and capricious in its denial of plaintiff's Touhy request.

### The Privacy Act Does Not Waive Sovereign Immunity

It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena *duces tecum* issued by a state court and served on a non-party federal government agency. Houston Bus. Journal, 86 F.3d at 1211. It, therefore, follows that a federal court must quash such a subpoena when the federal official or agency upon whom the subpoena was served removes the state court action to a federal court because the federal court lacks jurisdiction to enforce it. Id. at 1212.

Accordingly, to prevail on his present argument, plaintiff must show that the exemption in the Privacy Act upon which he relies was intended by Congress to waive the sovereign immunity of the United States[4] to the extent that sovereign immunity would preclude the enforcement of a state court subpoena served on a federal official. Unfortunately for plaintiff, the United States Court of Appeals for the Fifth Circuit rejected that precise contention in Louisiana v. Sparks, 978 F.2d 226 (5th Cir. 1992). As the court explained:

> The state trial court believed that 5 U.S.C. § 552a(b)(11)-which makes an exception to the Privacy Act's general proscription of disclosure of material protected under that Act if "a court of competent jurisdiction" orders disclosure-was evidence of a sweeping waiver of sovereign immunity. There is no indication that this exception to the Privacy Act's normal operation evinces congressional intent to broadly waive the sovereign immunity of agencies such as the Justice Department when ordered to comply

---

[4] A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980).

> with state court subpoenas. Rather, § 552a(b)(11) is simply an
> exception to the operation of the Privacy Act. In any event, in the
> instant case that exception is inoperative because in the present
> procedural posture of the case, no court-state or federal-possesses
> jurisdiction to enforce a state court subpoena. Section 552a(b)(11),
> however, would be applicable should Sparks institute a federal
> cause of action under the Administrative Procedure Act or the
> Freedom of Information Act.

Louisiana, 978 F.2d at 235 n.15.[5] Therefore, the only appropriate reading of the exception is that

it operates to exempt a federal government agency that makes a disclosure pursuant to a court

order from a suit based on that disclosure. It would mean that, if plaintiff prevails in this case

and secures the order he seeks, then the disclosure made by the Department of Justice pursuant

to that order could not be the premise of a suit against the Department of Justice by Oesby. But

the exception certainly does not mean that the United States has waived its sovereign immunity

by enacting this exception to the Privacy Act and that state courts can, therefore, enforce

subpoenas served on a federal government agency or official.

Moreover, neither the Superior Court of the District of Columbia nor the Circuit Court

for Prince George's County, Maryland constitute a "court of competent jurisdiction," as required

by the exception. As just discussed, both of those courts lack jurisdiction to issue an order

compelling a federal official to comply with a state court subpoena – the only remedy available

is to commence a federal action, under the Administrative Procedure Act, seeking review of the

---

[5] Plaintiff relies heavily on a subsequent Fifth Circuit case called Robinett v. State Farm
Mut. Auto. Ins. Co., 83 Fed. Appx. 638 (5th Cir. 2003). Not only is that case not binding
on courts in this circuit, but, as an unpublished per curiam opinion, it is not even binding
on courts in the Fifth Circuit. See Fifth Circuit Local Rule 47.5.4. Moreover, even
considering the Robinett case as persuasive authority, it simply holds that a federal
government agency cannot be found liable for violating the Privacy Act if it relies on a
court order when making the disclosure – it does not reach the issue of what constitutes
an order of a court of competent jurisdiction. See Robinett, 83 Fed. Appx. at 639.

Department of Justice's decision not to permit Poteat to testify. <u>Houston Bus. Journal</u>, 86 F.3d at

1212.

### The Decision of the Department of Justice Was Not Arbitrary and Capricious

The only way to overturn the Department of Justice's denial of plaintiff's Touhy request

is to file a civil complaint under the Administrative Procedure Act and to establish that the

decision made by the Department of Justice was arbitrary, capricious, and unreasonable.  Based

on the undisputed facts, plaintiff cannot establish that the Department of Justice's decision was

arbitrary, capricious, and unreasonable.

Poteat has asserted under oath that it would be impossible for her to answer questions

pertinent to plaintiff's Maryland case without disclosing information that is contained in the

Oesby files. Declaration of Elisabeth Poteat, attached to <u>Memorandum of Points and Authorities</u>

<u>in Opposition to Plaintiff's Motion for Temporary Restraining Order</u>.  Plaintiff insists that a

distinction can nevertheless be drawn between, on the one hand, asking Poteat specifically what

is in the Oesby files and, on the other hand, asking her about her "personal knowledge" of her

alleged phone call with a Prince George's County official.  The Department of Justice rejected

this contention in denying plaintiff's Touhy request, explaining:

> [E]ven if Ms. Poteat were able to recall events independently of
> the information in the files, our Court of Appeals has held that the
> release of the information is still subject to the Privacy Act, where
> she participated in gathering the information for the file in the first
> place. <u>See</u> <u>Bartel v. Federal Aviation Admin.</u>, 725 F.2d 1403, 1408
> (D.C. Cir. 1984).

Pls. Mot. Exh. 4 at 3.

In <u>Bartel</u>, the plaintiff complained about letters and a phone call that disclosed

6

that an investigation had been conducted into his behavior while employed by the government. Bartel, 725 F.2d at 1405-06. In its defense, the government contended that the Privacy Act provision that prohibited the disclosure of a record, see 5 U.S.C. § 552a(b), did not apply to the letters or the phone call because "the information they contained was not physically retrieved from the [Report of Investigation] by Vincent, but rather came from his independent knowledge of the investigation and its results." Bartel, 725 F.2d at 1407. The court of appeals rejected this interpretation of the Privacy Act, which limited its application to a "retrieval" rule and barred only the disclosure of information retrieved from a protected record. Instead, the court of appeals held that the protections of the Privacy Act extend to an agency official's "disclosing information in a record that he may not have read but . . . had a primary role in creating and using." Id. at 1411. Accord Pilon v. United States Dep't of Justice, 73 F.3d 1111, 1118 (D.C. Cir. 1996) (reading Bartel to hold that the Privacy Act applied when an official disclosed his personal recollection of an investigation that he had instituted, despite the fact that he may not have reviewed the pertinent record before doing so); Jacobs v. Nat'l Drug Intelligence Ctr., 423 F.3d 512 (9th Cir. 2005) (Bartel followed); Wilborn v. Dep't of Health and Human Servs., 49 F.3d 597 (9th Cir. 1995) (same).

    The Department of Justice's determination, just quoted, that Poteat would violate the Privacy Act by disclosing what was contained in a record that she had a primary role in creating was, at the very least, a fair and justifiable reading of the Bartel decision. Accordingly, I cannot find that the decision was arbitrary, capricious, or unreasonable.

7

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is **DENIED** and summary judgment is **GRANTED** in defendants' favor. The clerk of the court is instructed to enter final judgment in defendants' favor.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

8

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-5223                                          **September Term, 2005**
                                                        06cv01302

                                          **Filed On:**

Keith Longtin,
            Appellant

      v.

Department of Justice, et al.,
            Appellees



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    AUG X 9 2006

CLERK

**BEFORE:**    Henderson, Griffith, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for injunctive relief; appellant's dispositive motion for judgment, which the court construes as a motion for summary reversal; the emergency motion for expedited appeal; appellees' motion for summary affirmance and combined response to appellant's motions; and appellant's brief, it is

**ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has not shown the Department of Justice's determination, denying his request pursuant to the Department's "Touhy" regulations, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); 28 C.F.R. § 16.26. It is

**FURTHER ORDERED** that the motion for injunctive relief and motion for expedited appeal be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: _____ 10 /  / cc

BY: _____ , Deputy Clerk

ATTACHED: ___ Amending Order
           ___ Opinion
           ___ Order on Costs

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: _Cheri Carter_
Deputy Clerk/LD



**Court Services and Offender Supervision Agency
for the District of Columbia**

_____

*Office of the General Counsel*

January 26, 2007



<u>VIA FACSIMILE – 202/332-8057</u>
Heather Shanner, Esquire

Re:    Subpoenas (<u>United States v. Gonzales Diggs</u>, Case No. F-5535-04)
       for appearances of 'Nicole Salvano'[1] and "Keith Walker"[2]

Dear Ms. Shanner:

    This letter is in response to the subpoenas served on the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA) yesterday at approximately 2:00 P.M. for the testimony of the individuals named above at a January 30, 2007 proceeding before the Superior Court of the District of Columbia.

    As a Federal executive branch agency, CSOSA has issued *Touhy* regulations that advise the public of the procedures that it follows in response to demands for testimony or documents in matters in which CSOSA is not a party.  In <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951), the United States Supreme Court recognized the authority of an agency regulation that required agency approval prior to the production of government information by any employee. Relying on that case, federal executive branch agencies now routinely publish *Touhy* regulations that set forth their procedures for responding to demands for testimony or documents.

    The *Touhy* regulations, which appear at 28 C.F.R. § 802.24 *et seq.* and are attached herewith, require CSOSA's General Counsel to approve all demands for documents or testimony in order to ensure compliance with the Privacy Act, other disclosure statutes (*e.g.*, 42 C.F.R. Part 2, drug and alcohol treatment records; D.C. Official Code §§ 7-1201.01 *et seq.*, D.C. Mental Health Information Act; and D.C. Official Code §§ 7-302 and 7-1605, HIV/AIDS/cancer confidentiality), and other applicable laws and regulations.   Such approval must be provided prior to disclosure of any information sought by subpoena or other demand for the appearance of any person who is or was formerly an agency employee, or for the production of documents.

_____

[1]  The employee previously known as Nicole Salvano is now known as Nicole Kuhlman, and a subpoena in that name would be required in any event in order to secure her appearance, but see discussion below.

[2]  CSOSA does not currently employ anyone by this name.

*633 Indiana Avenue, NW, Twelfth Floor, Washington, DC 20004
Voice: (202) 220-5355   Fax: (202) 220-5315*

The purposes underlying the regulations are clearly set forth in 28 C.F.R. 802.27 and include "conserv[ing] the time of the agency for conducting official business" and "protect[ing] confidential, sensitive information and the deliberative processes of the agency." In general, the regulations are meant to ensure that disclosure of agency information is done in compliance with applicable law and that agency personnel and resources are used wisely and in an efficient manner. In the District of Columbia, the failure to secure approval under the *Touhy* regulations may act as a bar to enforcement of a state court subpoena. *See* Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211-12 & n. 4 (D.C. Cir. 1996) (in state tribunal, federal government shielded by sovereign immunity, preventing state court from enforcing a subpoena; only a federal court may entertain review of agency's decision to disallow testimony, generally limited to an abuse of discretion standard).

Thus, when the agency is served with a subpoena, the reviewing office must gather the necessary information, coordinate with affected interests, and review applicable statutes and case law in order to make a determination on whether the agency should comply with the demand and, if so, under what conditions and circumstances. In this instance, CSOSA will be unable to comply with the demands given consideration of all the relevant factors listed under 28 C.F.R. § 802.27(d).[4]

If you should have any questions regarding this matter, please contact Assistant General Counsel Linette Lander, who is handling this matter.

Sincerely,

Arthur A. Elkins
Acting General Counsel

Enclosure

---

[4] 28 C.F.R. 802.27(d) provides: "To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with: (1) The Privacy Act, 5 U.S.C. 522a; (2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 *et seq.*; (3) The Victims Rights Act, 42 U.S.C. 10606(b); (4) D.C. statutes and regulations; (5) Any other state or federal statute or regulation; (6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose; (7) Whether disclosure is appropriate under the relevant substantive law concerning privilege; (8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and (9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired."

**8 CFR Ch. VIII (7-1-05 Edition)**

that the denial may be ap-
[ ] to the General Counsel by filing
[ ] appeal.

[ ] appeal should be marked on
[ ] of the letter and the envelope.
CY APPEAL—DENIAL OF
[ ]TION," an be addressed to
[ ]e of the General Counsel, ad-
ed at §802.16(a)(1).

[ ] General Counsel will review
quest within 30 days from the
receipt. However, for a good
this time limit may be ex-
If, after review, the General
determines that the record
e corrected, the record will be
d. If, after review, the General
refuses to amend the record
as you requested, we will in-
[ ]:

at your request has been re-
d the reason;
[ ]at this refusal is the Agency's
[ ]ision;
[ ]hat you have a right to seek
view of this request to amend
rd; and

[ ]at you have a right to file a
nt of disagreement with the de-
[ ]our statement should include
on you disagree. We will make
[ ]tement available to anyone to
[ ]e record is subsequently dis-
together with a statement of
ons for refusing to amend the

[ ]quests for correction of records
by other federal agencies
forwarded to that agency for
ate action and the requester
immediately notified of the re-
writing.

[ ]en the request is for correction
[ ]ederal records, the requester
[ ]dvised to write to that non-
[ ]ntity.

**Accounting of disclosures.**

will provide an accounting of
[ ]sures of a record for five years
[ ]the record is destroyed, which-
[ ]onger, except that no account-
be provided to the record sub-
disclosures made to law en-
[ ]t agencies and no accounting
[ ]ade for:
[ ]closures made under the FOIA:
[ ]losures made within the agen-

**Court Services and Offender Supervision Agency**

(3) Disclosures of your record made
with your written consent.

(b) The accounting will include:

(1) The date, nature, and purpose of
the disclosure; and

(2) The name and address of the per-
son or entity to whom the disclosure is
made.

(c) You may request access to an ac-
counting of disclosures of your record.
Your request should be in accordance
with the procedures in §802.14. You will
be granted access to an accounting of
the disclosures of your record in ac-
cordance with the procedures of this
part which govern access to the related
record, excepting disclosures made for
an authorized civil or criminal law en-
forcement agency as provided by sub-
section (c)(3) of the Privacy Act. You
will be required to provide reasonable
identification.

**§802.21  Appeals.**

You may appeal a denial of a request
for an accounting to the Office of the
General Counsel in the same manner as
a denial of a request for access to
records (See §802.16) and the same pro-
cedures will be followed.

**§802.22  Fees.**

The Agency shall charge fees under
the Privacy Act for duplication of
records only. These fees shall be at the
same rate the Agency charges for du-
plication fees under the Freedom of In-
formation Act (See §802.10(1)(1)).

**§802.23  Use and disclosure of social
security numbers.**

(a) *In general.* An individual shall not
be denied any right, benefit, or privi-
lege provided by law because of such
individual's refusal to disclose his or
her social security number.

(b) *Exceptions.* The provisions of para-
graph (a) of this section do not apply
with respect to:

(1) Any disclosure which is required
by Federal statute, or

(2) The disclosure of a social security
number to any Federal, State, or local
agency maintaining a system of
records in existence and operating be-
fore January 1, 1975, if such disclosure
was required under statute or regula-
tion adopted prior to such date to
verify the identity of an individual.

(c) *Requests for disclosure of social se-
curity number.* If the Agency requests
an individual to disclose his or her so-
cial security account number, we shall
inform that individual whether:

(1) Disclosure is mandatory or vol-
untary.

(2) By what statutory or other au-
thority such number is solicited, and

(3) What uses will be made of it.

**Subpart D—Subpoenas or Other
Legal Demands for Testimony
or the Production or Disclo-
sure of Records or Other Infor-
mation**

**§802.24  Purpose and scope.**

(a) These regulations state the proce-
dures which the Court Services and Of-
fender Supervision Agency ("CSOSA"
or "Agency") and the District of Co-
lumbia Pretrial Services Agency
("PSA" or "Agency") follow in re-
sponse to a demand from a Federal,
state, or local administrative body for
the production and disclosure of mate-
rial in connection with a proceeding to
which the Agency is not a party.

(b) These regulations do not apply to
congressional requests. Neither do
these regulations apply in the case of
an employee making an appearance
solely in his or her private capacity in
judicial or administrative proceedings
that do not relate to the Agency (such
as cases arising out of traffic accidents,
domestic relations, etc.).

(c) This part is not intended and does
not create and may not be relied upon
to create any right or benefit, sub-
stantive or procedural, enforceable at
law by a party against the United
States or specifically CSOSA or PSA.

**§802.25  Definitions.**

*Demand* means a request, order, or
subpoena for testimony or documents
to use in a legal proceeding.

*Employee* includes a person employed
in any capacity by CSOSA or PSA, cur-
rently or in the past; any person ap-
pointed by, or subject to, the super-
vision, jurisdiction, or control of the
head of the Agency, or any Agency offi-
cial, currently or in the past. A person
who is subject to the Agency's jurisdic-
tion or control includes any person

## § 802.26

who hired as a contractor by the agency, any person performing services for the agency under an agreement, and any consultant, contractor, or subcontractor of such person. A former employee is also considered an employee only when the matter about which the person would testify is one in which he or she was personally involved while at the Agency, or where the matter concerns official information that the employee acquired while working at the Agency, such as sensitive or confidential agency information.

*Legal Proceeding* includes any pretrial, trial, and post-trial state of any existing or reasonably anticipated judicial or administrative action, hearing, investigation, or similar proceeding before a court, commission, board, agency, or other tribunal, authority or entity, foreign or domestic. Legal proceeding also includes any deposition or other pretrial proceeding, including a formal or informal request for testimony made by an attorney or other person, or a request for documents gathered or drafted by an employee.

## § 802.26  Receipt of demand.

If, in connection with a proceeding to which the Agency is not a party, an employee receives a demand from a court or other authority for material contained in the Agency's files, any information relating to material contained in the Agency's files, or any information or material acquired by an employee as a part of the performance of that person's official duties or because of that person's official status, the employee must;

(a) Immediately notify the Office of the General Counsel and forward the demand to the General Counsel if the demand pertains to CSOSA; or

(b) Immediately notify the Deputy Director of PSA and forward the demand to the Deputy Director if the demand pertains to PSA.

## § 802.27  Compliance/noncompliance.

The General Counsel is responsible for determining if CSOSA should comply or not comply with the demand, and the Deputy Director of PSA is responsible for determining if PSA should comply with the demand.

736

### 28 CFR Ch. VIII (7-1-05 Edition)

(a) An employee may not produce any documents, or provide testimony regarding any information relating to, or based upon Agency documents, or disclose any information or produce materials acquired as part of the performance of that employee's official duties, or because of that employee's official status without prior authorization from the General Counsel or Deputy Director. The reasons for this policy are as follows:

(1) To conserve the time of the agency for conducting official business;

(2) To minimize the possibility of involving the agency in controversial issues that are not related to the agency's mission;

(3) To prevent the possibility that the public will misconstrue variances between personal opinions of agency employees and agency policies;

(4) To avoid spending the time and money of the United States for private purposes;

(5) To preserve the integrity of the administrative process; and

(6) To protect confidential, sensitive information and the deliberative process of the agency.

(b) An attorney from the Office of the General Counsel shall appear with any CSOSA employee upon whom the demand has been made (and with any PSA employee if so requested by the Deputy Director), and shall provide the court or other authority with a copy of the regulations contained in this part. The attorney shall also inform the court or authority that the demand has been or is being referred for prompt consideration by the General Counsel or Deputy Director. The court or other authority will be requested respectfully to stay the demand pending receipt of the requested instructions from the General Counsel or Deputy Director.

(c) If the court or other authority declines to stay the effect of the demand pending receipt of instructions from the General Counsel or Deputy Director, or if the court or other authority rules that the demand must be complied with irrespective of the instructions from the General Counsel or Deputy Director not to produce the material or disclose the information sought, the employee upon whom the demand

### Court Servic

was made sh produce the States ex rel. 462 (1951). In Court held ployee could for following quiring agen ducing goverr sponse to a co

(d) To achie paragraphs (a section, the a tors such as mining wheth complied with:

(1) The Priva

(2) Departme Services statu cerning drug programs forn 42 CFR 2.1 et se

(3) The Victi 10606(b);

(4) D.C. statu

(5) Any other or regulation;

(6) Whether under the rule the case or m mand arose;

(7) Whether under the rel concerning priv

(8) Whether d confidential so less the invest source or infor and

(9) Whether investigatory r enforcement pu fere with enfo disclose invest procedures the would thereby

### Subpart E—E Systems Un

#### § 802.28  Exemp ices and Agency Syst

The Privacy tems of recor some of its requ

(a)(1) The records are c

n employee may not produce
:uments, or provide testimony
g any information relating to,
d upon Agency documents, or
any information or produce
ls acquired as part of the per-
e of that employee's official
or because of that employee's
status without prior authoriza-
m the General Counsel or Dep-
ctor. The reasons for this pol-
as follows:

conserve the time of the agen-
onducting official business;

minimize the possibility of in-
the agency in controversial
hat are not related to the agen-
sion;

prevent the possibility that
lic will misconstrue variances
personal opinions of agency
ies and agency policies;

avoid spending the time and
of the United States for private
;

preserve the integrity of the
trative process; and

protect confidential, sensitive
ion and the deliberative proc-
s agency.

attorney from the Office of the
Counsel shall appear with any
mployee upon whom the de-
is been made (and with any
ployee if so requested by the
Director), and shall provide the
other authority with a copy of
lations contained in this part.
orney shall also inform the
authority that the demand has
is being referred for prompt
tion by the General Counsel
y Director. The court or other
will be requested respect-
stay the demand pending re-
the requested instructions
General Counsel or Deputy

e court or other authority de-
stay the effect of the demand
receipt of instructions from
ral Counsel or Deputy Direc-
the court or other authority
t the demand must be com-
i irrespective of the instruc-
a the General Counsel or Dep-
tor not to produce the mate-
close the information sought,
yee upon whom the demand

was made shall respectfully decline to
produce the information under *United
States ex rel. Touhy v. Ragen*, 340 U.S.
462 (1951). In this case, the Supreme
Court held that a government em-
ployee could not be held in contempt
for following an agency regulation re-
quiring agency approval before pro-
ducing government information in re-
sponse to a court order.

(d) To achieve the purposes noted in
paragraphs (a)(1) through (6) of this
section, the agency will consider fac-
tors such as the following in deter-
mining whether a demand should be
complied with:

(1) The Privacy Act, 5 U.S.C. 522a;

(2) Department of Health and Human
Services statute and regulations con-
cerning drug and alcohol treatment
programs found at 42 U.S.C. 290dd and
42 CFR 2.1 *et seq.*;

(3) The Victims Rights Act, 42 U.S.C.
10606(b);

(4) D.C. statutes and regulations;

(5) Any other state or federal statute
or regulation;

(6) Whether disclosure is appropriate
under the rules of procedure governing
the case or matter in which the de-
mand arose;

(7) Whether disclosure is appropriate
under the relevant substantive law
concerning privilege;

(8) Whether disclosure would reveal a
confidential source or informant, un-
less the investigative agency and the
source or informant have no objection;
and

(9) Whether disclosure would reveal
investigatory records compiled for law
enforcement purposes, and would inter-
fere with enforcement proceedings or
disclose investigative techniques and
procedures the effectiveness of which
would thereby be impaired.

## Subpart E—Exemption of Records Systems Under the Privacy Act

### § 802.28 Exemption of the Court Services and Offender Supervision Agency System—limited access.

The Privacy Act permits specific sys-
tems of records to be exempt from
some of its requirements.

(a)(1) The following systems of
records are exempt from 5 U.S.C.

552a(c)(3) and (4), (d), (e)(1)-(3), (4)(G)-
(I), (5) and (8), (f) and (g):

(i) Background Investigation
(CSOSA-2).

(ii) Supervision Offender Case File
(CSOSA-9).

(iii) Pre-Sentence Investigations
(CSOSA-10).

(iv) Supervision & Management
Automated Record Tracking (SMART)
(CSOSA-11).

(v) Recidivism Tracking Database
(CSOSA-12).

(vi) [Reserved].

(vii) Substance Abuse Treatment
Database (CSOSA-15).

(viii) Screener (CSOSA-16).

(ix) Sex Offender Registry (CSOSA-
18).

(2) Exemptions from the particular
subsections are justified for the fol-
lowing reasons:

(i) From subsection (c)(3) because of-
fenders will not be permitted to gain
access or to contest contents of these
record systems under the provisions of
subsection (d) of 5 U.S.C. 552a. Reveal-
ing disclosure accountings can com-
promise legitimate law enforcement
activities and CSOSA responsibilities.

(ii) From subsection (c)(4) because
exemption from provisions of sub-
section (d) will make notification of
formal disputes inapplicable.

(iii) From subsection (d), (e)(4)(G)
through (e)(4)(I), and (g) because ex-
emption from this subsection is essen-
tial to protect internal processes by
which CSOSA personnel are able to for-
mulate decisions and policies with re-
gard to offenders, to prevent disclosure
of information to offenders that would
jeopardize legitimate correctional in-
terests of rehabilitation, and to permit
receipt of relevant information from
other federal agencies, state and local
law enforcement agencies, and federal
and state probation and judicial of-
fices.

(iv) From subsection (e)(1) because
primary collection of information di-
rectly from offenders about criminal
history or criminal records is highly
impractical and inappropriate.

(A) It is not possible in all instances
to determine relevancy or necessity of
specific information in the early stages
of a criminal or other investigation.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE SUBPOENA in** | ) |
| | ) |
| **UNITED STATES** | ) |
| | ) |
| **v.** | ) **Misc. Case No. 07-mc-44** |
| | ) **(Super. Ct. Case No. F-5535-04)** |
| **GONZALES DIGGS** | ) |
| | ) |
| | ) |
| _____ | ) |

<u>ORDER</u>

Upon consideration of the Motion To Quash filed on behalf of the Court Services and

Offender Supervision Agency ("CSOSA"), and upon consideration of the entire record herein, it

is this _____ day of ____, 2007

ORDERED that the motion to quash shall be and is hereby granted, and the subpoenas

are quashed.


_____

UNITED STATES DISTRICT JUDGE


MEGAN L. ROSE                              HEATHER SHANER, Esq.
Assistant U.S. Attorney                    1702 S Street, NW
Civil Division                             Washington, D.C. 20009
555 4th Street, N.W.
Washington, DC  20530